UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARNELL STANLEY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>)<br>UNITED STATES )<br>OF AMERICA *et al.*, )<br>)<br>)<br>Respondents. ) | Civil Action No.  13-0063 (RC) |

**MEMORANDUM OPINION**

Petitioner Darnell Stanley, now a District of Columbia resident, was a prisoner confined at the United States Penitentiary in Allenwood, Pennsylvania, when he filed this habeas action in the United States District Court for the Middle District of Pennsylvania.  *See* Order (Jan. 15, 2013) (transferring case here); Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Pet.") at 1.[1]  Mr. Stanley challenges his convictions of second-degree murder and related firearms offenses entered on March 29, 1994, by the Superior Court of the District of Columbia.  Pet. at 1.  Because D.C. Code § 23-110(g) divests the federal courts of jurisdiction over Mr. Stanley's petition, this case will be dismissed.

The instant petition is based on the alleged deficient performance of Mr. Stanley's trial counsel.  Mr. Stanley claims that his attorney, among other wrongs, failed to call a key defense witness, failed to properly cross-examine a witness, failed to fully investigate his case, failed to file a memorandum to mitigate his sentence, and failed to file a proper notice of appeal.  *See* Pet. at 5-22.  Mr. Stanley also claims that he was denied his Sixth Amendment right to confront and

---

[1]  The Court will cite the page numbers assigned by the electronic case filing system.

cross-examine the medical examiner. *Id*. at 20. Such claims are available to a District of Columbia prisoner under D.C. Code § 23-110, which forecloses federal court review of a Superior Court conviction absent a showing that the local remedy is inadequate or ineffective to test the legality of the detention. *Whoie v. Warden, Butner Fed. Medical Ctr.*, 891 F. Supp. 2d 2 (D.D.C. 2012); *see Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986) (unlike a prisoner sentenced by a state court "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is inadequate or ineffective to test the legality of his detention") (footnote and internal quotation marks omitted).

Mr. Stanley availed himself of the local remedy more than once. *See* Pet. at 2-4. Mr. Stanley's lack of success in the District of Columbia courts does not render his local remedy inadequate or ineffective, *see Garris*, 794 F.2d at 727; *Charles v. Chandler*, 180 F.3d 753, 756-58 (6th Cir. 1999) (citing cases), and he has provided no other basis for finding the local remedy inadequate. *See Williams v. Martinez*, 586 F.3d 995, 999 (D.C. Cir. 2009) (concluding that this Court would have jurisdiction over a "federal habeas petition asserting ineffective assistance of appellate counsel after [the petitioner has] moved to recall the mandate in the D.C. Court of Appeals[.]"); *Whoie*, 891 F. Supp. 2d at 2 (listing examples where § 23-110 remedy is unavailable); *but see Reyes v. Rios*, 432 F. Supp. 2d 1, 3 (D.D.C. 2006) ("Section 23-110 provided the petitioner with a vehicle for challenging his conviction based on the alleged ineffectiveness of his trial counsel."). Hence, the Court will dismiss this case for lack of jurisdiction.[2]

_____/s/_____
RUDOLPH CONTRERAS
United States District Judge

Date:  April 10, 2013

---

[2] A separate order accompanies this Memorandum Opinion.